1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

EUREKA DIVISION

7
8

FREDERICK RENEE GATES,

Case No. 19-cv-07780-RMI

9

Plaintiff,

10

v.

**ORDER DISMISSING PETITION
WITH LEAVE TO AMEND**

11

ROBERT NEUSCHNID,

12

Defendant.

13
14

     Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant

15

to 28 U.S.C. § 2254. Petitioner was convicted in San Mateo County, which is in this district, so

16

venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner paid the filing fee and consented to the

17

jurisdiction of a Magistrate Judge (*see* dkts. 1, 2).

18

     The court received two petitions. The first (dkt. 1) was sent from outside of prison, and the

19

second (dkt. 3) was sent from the prison where petitioner is incarcerated. While the petitions

20

contain overlapping claims, there are several differences.[1] Out of an abundance of caution, the

21

petitions are dismissed with leave to amend. Petitioner should file an amended petition which sets

22

forth each claim on which he wishes to proceed, and which describes the specifics of each claim.

23

Petitioner is reminded that the court can only review claims and sub-claims that have been fully

24

exhausted in state court.

25
26

---

[1] For example, the first petition contains an as-applied and a facial challenge to a California law.
First Pet. (dkt. 1) at 5. However, the second petition only contains a facial challenge to the law.

27

*See* Second Pet. (dkt. 3) at 5. It is not clear what claim or claims have been exhausted. In addition,
the habeas form in the first petition contains four claims. *See* First Pet. (dkt. 1) at 5. However, the

28

habeas form in the second petition only contains three claims. *See* Second Pet. (dkt. 3) at 5.

For the foregoing reasons, the petitions are **DISMISSED** with leave to amend. The amended petition must be filed within **twenty-eight days** of service of this order, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the action.

Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 5, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge