UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| FREDERICK RENEE GATES,<br>    Plaintiff,<br>    v.<br>ROBERT NEUSCHNID,<br>    Defendant. | Case No. 19-cv-07780-RMI<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and petitioner has filed an amended petition.

**BACKGROUND**

Petitioner was convicted of first-degree robbery and felony domestic violence. Am. Pet. (Dkt. 7) at 2. He was sentenced to 13 years in state prison. *Id*. at 1. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. *Id*. at 3.

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

For federal habeas relief asserts that: (1) he received ineffective assistance of counsel for his attorney's failure to challenge the admissibility of certain evidence; (2) the trial court erred in admitting evidence of prior bad acts; (3) California Evidence Code section 1109 is unconstitutional on its face; and (3) false evidence was introduced at trial. Liberally construed, these claims are sufficient to require a response.

## CONCLUSION

The clerk shall serve by electronic mail a copy of this order, and a Magistrate Judge Jurisdiction form on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The clerk also shall serve a copy of this order on Petitioner. Respondent can view the petition on the electronic docket (dkt. 7).

Respondent shall file with the court and serve on Petitioner, within eighty-four (84) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer, and serve on Petitioner, a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due eighty-four (84) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or

statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within twenty-eight (28) days of receipt of any opposition.

Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 17, 2020

ROBERT M. ILLMAN
United States Magistrate Judge